UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

IN RE

    JENNIFER TUCK,                                  Chapter 7
                                                                           Case No. 19-10368-CLB

                                       Debtor.

**AFFIDAVIT OF STEPHANIE KASHINO IN OPPOSITION TO THE UNITED STATES TRUSTEE'S LIMITED OBJECTION TO THE TRUSTEE'S STATEMENT OF INTENT TO SELL SUBJECT TO LIENS**

STATE OF NEW YORK     )
COUNTY OF ERIE         )   ss:

       STEPHANIE KASHINO, doing business at 2952 Seneca Street, West Seneca, NY 14224, being duly sworn, deposes and says that:

       1.    I am a full time employee of Bankruptcy Exchange, and receive a salary plus commission as compensation for my services.

       2.    My duties at Bankruptcy Exchange consist of traveling to Bankruptcy Court on a weekly basis to do research on Chapter 7 and Chapter 11 filings in Western New York. I search the court records to find properties in the filings, and then after a desirable property is identified, I conduct extensive searches on the individuals that have interest in the identified property.

       3.    I expend approximately 40 hours of work per week devoted to these tasks, and despite that effort, approximately 1-2 identified cases per year may prove to be profitable.

       4.    I identified the instant case and the subject property on March 2, 2019 and have continued to work on this case up to this time.

       5.    I have done records searches on the debtor, her mother, her brother, and her ex husband and ultimately as a result of this work, Bankruptcy Exchange filed its May 3, 2019 letter indicating that it would like to bid $5,000 with a $1,500 break up fee for the Debtor's interest in

the real property at 1735 Meadow Drive, Alden New York.

6. Then on November 4, 2019, Bankruptcy Exchange filed a letter indicating that it would increase its bid on the subject property to $15,000 together with bid protection at the rate of 15%.

7. The purpose of requesting the bid protection was and is to assure that Bankruptcy Exchange's efforts in doing the research detailed in this affidavit would be protected in the event that a competing bid would be successful as a result of my work and effort on this case.

8. If there are multiple bidders for the Debtor's interest in the subject property, that scenario would be the proximate cause of Bankruptcy Exchange's work on this case.

9. As such, the request for 15% bid protection is fair and reasonable because the efforts of Bankruptcy Exchange drove this case from having no bidders to potentially multiple bidders, all of which will result in the highest possible recovery for the Debtor's interest in the subject property.

10. Moreover, the 15% bid protection would not diminish the recovery of assets for the Debtor's bankruptcy estate because the 15% bid protection fee would be paid by the successful bidder in the event that it is not Bankruptcy Exchange.

11. Based upon the foregoing, I respectfully submit that the November 4, 2019 bid for $15,000 together with 15% bid protection be permitted to go forward.

DATED: January 23, 2020

Stephanie Kashino

Sworn to before me this 23rd
day of January, 2020,

Notary Public

DANIEL J VITELLO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01VI6340884
Qualified in Erie County
My Commission Expires 04-25-2020